**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD P. KAPLAN, | |
| Plaintiff, | Civil Action No. 15-1150 (CCC) |
| v. | **MEMORANDUM AND ORDER** |
| JOHN GARAFALO, et al., | |
| Defendants. | |

Plaintiff Richard P. Kaplan, a convicted and sentenced prisoner currently confined at Federal Correctional Institution in Otisville, New York, seeks to bring this civil action *in forma pauperis* ("IFP"), without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983. Presently before the Court is Plaintiff's third IFP application, ECF No. 10; the Court dismissed the previous two for failure to submit the proper six-month prison account statement as required by 28 U.S.C. § 1915(a)(2). (*See* ECF Nos. 3 & 9.)

As the Court stated in its prior order, because the Complaint was dated February 2, 2015, under the IFP statute, the proper six-month account statement should have been for the period between August 2, 2014 and February 2, 2015. (ECF No. 9 at 2); *see* 28 U.S.C. § 1915(a)(2) (a prisoner seeking IFP status shall "submit a certified copy of the trust fund statement . . . for the prisoner for the 6-month period *immediately preceding the filing of the complaint*") (emphasis added). As such, Plaintiff's latest account statement, covering the period between October 1, 2014 and September 8, 2015, is technically non-compliant with the statute. Nevertheless, regardless of the procedural defects, the account statement also shows that in the eleven-month period addressed

by the statement, Plaintiff received an income of $3,595.00. This amounts to an income of $326.82 per month.

In *Shahin v. Sec. of Del.*, 532 F. App'x 123, 124 (3d Cir. 2013), the Third Circuit upheld an IFP denial by the district court, even when the plaintiff showed that she only had a monthly income of $95 from self-employment. Because the plaintiff was provided, by her husband, "with food, clothing, shelter, paying her medical and travel expenses and even her business losses," the Third Circuit reasoned, "requiring [plaintiff] to pay her own litigation expenses, although requiring her to save for several months, would not deprive her of the 'necessities of life.'" *Id.* Here, Plaintiff's income is almost three times of the $95/month threshold established in *Shahin*, and Plaintiff is also similarly situated in that he has his food, clothing, shelter, and medical expenses paid for by the prison. Although the Court understands that Plaintiff may need some money for minor necessities, Plaintiff does not need $326.82 a month for such expenses. Like the plaintiff in *Shahin*, Plaintiff may have to save up for two or three months in order to pay the filing fee, but such requirement "would not deprive [him] of the 'necessities of life.'" 532 F. App'x at 124.

**IT IS** therefore on this ___31___ day of ___May___, 2016,

**ORDERED** that the Clerk shall **REOPEN** the case by making a new and separate docket entry reading "CIVIL CASE REOPENED"; it is further

**ORDERED** that Plaintiff's request to proceed *in forma pauperis*, ECF No. 3, is hereby **DENIED**; it is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this case, without filing the complaint;

**ORDERED** that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Martin Luther King Building & U.S. Courthouse, 50

Walnut Street, Newark, NJ 071018, within ninety (90) days of the date of entry of this Order; Plaintiff's writing shall include the $400 fee—the $350 filing fee plus the $50 administrative fee; it is further

**ORDERED** that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and payment of the filing and administrative fees within the time allotted by this Court, the Clerk will be directed to reopen this case; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

_____
Claire C. Cecchi, U.S.D.J.