**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD P. KAPLAN, | Civil Action No. 15-1150 (CCC) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| JOHN GARAFALO, et al., | |
| Defendants. | |

Plaintiff Richard P. Kaplan, a convicted and sentenced prisoner currently confined at Federal Correctional Institution in Otisville, New York, seeks to bring this civil action *in forma pauperis* ("IFP"), without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983. The Court has previously denied three separate IFP applications, the last denial due to Plaintiff's failure to submit a six-month prison account statement for the period between August 2, 2014 and February 2, 2015—the period immediately preceding the filing of the complaint—as required by federal law pursuant to 28 U.S.C. § 1915(a)(2)d. (*See* ECF No. 12 at 1.)

Presently before the Court is Plaintiff's Motion to Reopen and his fourth IFP application. (ECF No. 13.) Along with his fourth application, Plaintiff submits yet another prison account statement, this time for the period between February 1, 2016 and August 9, 2016. That is still not the six-month account statement for the period immediately preceding the filing of the complaint as required by federal law. *See* 28 U.S.C. § 1915(a)(2). As the Third Circuit opined, § 1915 "governs only the circumstances under which a prisoner may 'bring' a civil action *in forma pauperis*, which means that its impact must be assessed at the time a prisoner files his or her

complaint." *Nicholas v. Corbett*, 254 F. App'x 117, 118 (3d Cir. 2007). The Court cannot assess whether Plaintiff may "bring a civil action . . . without prepayment of fees or security therefor," 28 U.S.C. § 1915(a)(2), without information indicating Plaintiff's ability to pay the filing fee, or the lack thereof, *at the time he filed his complaint*. While, in four IFP applications, Plaintiff has submitted various statements that span the relevant six-month period, not all of the statements have been certified by prison officials. (*See* ECF No. 3 at 2-3.) As such, Plaintiff still has not complied with the statutory requirements. *See* 28 U.S.C. § 1915(a)(2). Plaintiff must submit a six-month prison account statement for the period between August 2, 2014 and February 2, 2015 that is certified by a prison official.

IT IS therefore on this _____2_____ day of _____Feb_____, 2017,

ORDERED that the Clerk shall open the case for the purpose of deciding the pending matters; it is further

ORDERED that the Motion to Reopen, ECF No. 13, is hereby DENIED; it is further

ORDERED that Plaintiff's request to proceed *in forma pauperis*, ECF No. 13-4, is hereby DENIED; it is further

ORDERED that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, within thirty (30) days of the date of entry of this Order; Plaintiff's writing shall include either (1) a complete, signed *in forma pauperis* application, including a proper six-month prison account statement, or (2) the $400 fee—the $350 filing fee plus the $50 administrative fee; it is further

ORDERED that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete *in forma pauperis* application or payment of the filing and

administrative fees within the time allotted by this Court, the Clerk will be directed to reopen this case; it is further

      **ORDERED** that the Clerk shall serve a copy of this Order upon Plaintiff by regular mail; and it is further

      **ORDERED** that the Clerk shall close this case.

                                        _____

                                        Claire C. Cecchi, U.S.D.J.